**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:_____

EROLD COLAS,

     Plaintiff,

v.

MB REDEVELOPMENT, LLC
d/b/a LOEWS MIAMI BEACH HOTEL
a Foreign Limited Liability Company

     Defendant.
_____/

## NOTICE OF REMOVAL

     Defendant MB REDEVELOPMENT, LLC d/b/a/ LOEWS MIAMI BEACH HOTEL (the "Loews"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby gives notice of removal of an action pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, styled *Erold Colas v. MB Redevelopment, LLC, d/b/a Loews Miami Beach Hotel a Foreign Limited Liability Company,* Case No.: 2019-011882-CA-01 to the United States District Court for the Southern District of Florida, being the district within which that action is presently pending. As grounds for removal, the Loews states as follows:

1

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

**Introduction**

1. On or about April 19, 2019, Plaintiff filed a complaint with the 11th Judicial Circuit in and for Miami-Dade County, Florida.[1] The Loews was not served with this complaint.

2. On May 1, 2019, the Loews was served with a Complaint in this action, alleging race and color discrimination under the Florida Civil Rights Act, § 760.01, et seq., Florida Statutes ("FCRA"), and a claim for race discrimination under 42 U.S.C. § 1981. This is the only document that Plaintiff has served on the Loews in this action.[2]

3. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

4. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Composite Exhibit A are copies of the Complaint served upon Defendant and all state court process, pleadings, and orders served upon Defendants or maintained in the state court civil action.

5. This Notice is filed within thirty (30) days of Defendant having been served with the Complaint. *See* 28 U.S.C. § 1446(b).

---

[1] This complaint sets forth just two counts against Defendant, one count of Race Discrimination under the Florida Civil Rights Act, § 760.01, et. seq., Florida Statutes ("FCRA") and one count of Color Discrimination under the FCRA.

[2] Although the served Complaint was not filed with the 11th Judicial Circuit in and for Miami-Dade County, Florida, Defendant files this Notice of Removal out of an abundance of caution. Defendant contacted Plaintiff's counsel multiple times by email and by phone to inform them of the discrepancy between the filed Complaint and the served Complaint. Defendant did not receive any response except a request on May 8, 2019 to send the served complaint to opposing counsel. Defendant promptly sent opposing counsel the served complaint. Since that time Defendant has repeatedly asked Plaintiff's counsel to contact them to discuss the complaint, without receiving any response. If this case is remanded to State Court, Defendant requests its attorney's fees in filing this Notice of Removal.

**Plaintiff's Complaint Raises a Substantial Question of Federal Law**

6.  Title 28 U.S.C. § 1331 states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Title 28 U.S.C. § 1441(a) further states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." *See* 28 U.S.C. § 1441(a). Thus, federal question jurisdiction is triggered where a federal question is presented on the face of a plaintiff's complaint. *See, e.g., Kemp v. Int'l Bus. Machines Corp.,* 109 F.3d 708, 712 (11th Cir. 1997).

7.  Plaintiff's Complaint alleges violations of 42 U.S.C. § 1981. Complaint at ¶¶ 1, 47-58. Specifically, Plaintiff states that "[t]his action seeks damages . . . for discriminatory treatment and retaliation under the Civil Rights Act of 1866, 42 U.S.C. § 1981 . . . ." *See Id.* at ¶1.

8.  Plaintiff, on the face of his Complaint, seeks relief based upon claims arising from federal law. Accordingly, this Court has original jurisdiction of this case under 28 U.S.C. § 1331, and this action is removable from state court pursuant to 28 U.S.C. § 1441(a).

**The Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims**

9.  In the Complaint, Plaintiff also alleges claims against Defendant for race and color discrimination under the FCRA. Plaintiff's pendent state law claims are also properly removable to federal court under this Court's supplemental jurisdiction. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in

3

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

1. Here, Plaintiff's state and federal claims "derive from a common nucleus of operative fact," *Mineworkers v. Gibbs*, 383 U.S. 715, 725 (1966), namely, the reasons for Plaintiff's termination of employment and Plaintiff's claim that he was subject to discrimination. *See* Plaintiff's Complaint, attached as Composite Ex. A. As the Court has supplemental jurisdiction over Plaintiff's state law claims, those claims are properly removed to this Court. *See, e.g., Castellanos v. Starwood Vacation Ownership, Inc.*, 2015 WL 403274, at *3 (M.D. Fla. Jan. 8, 2015) (exercising supplemental jurisdiction in Family Medical Leave Act case over state law discrimination and retaliation claims).

10. Copies of this Notice of Removal and a separate State Court Notice of Removal have been filed with the Clerk of the Circuit Court of the 11th Judicial Circuit and served on Plaintiff's counsel.

11. This Notice of Removal is signed by undersigned counsel pursuant to Fed. R. Civ. P. 11.

**WHEREFORE,** Defendant MB REDEVELOPMENT, LLC d/b/a LOEWS MIAMI BEACH HOTEL gives notice that the above-styled case now pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, is removed therefrom to this Court.

Dated May 30, 2019

                Respectfully submitted,

                */s/ Robert S. Turk*
                ROBERT S. TURK, ESQ.
                Florida Bar No.: 261343
                JOANNE M. HEFT, ESQ.
                Florida Bar No. 1003923
                STEARNS WEAVER MILLER, WEISSLER,
                  ALHADEFF & SITTERSON, P.A.
                150 West Flagler Street
                Museum Tower, Suite 2200
                Miami, Florida 33130
                Telephone: (305) 789-3200
                Facsimile:  (305) 789-3395
                E-Mail:  rturk@stearnsweaver.com
                E-mail: jheft@stearnsweaver.com

                *Attorneys for Defendant, MB Redevelopment, LLC d/b/a Loews Miami Beach Hotel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System. I further certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                */s/Robert S. Turk*
                ROBERT S. TURK, ESQ.

5

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

## SERVICE LIST

*EROLD COLAS V. MB REDEVELOPMENT, LLC d/b/a LOEWS MIAMI BEACH HOTEL*

Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 0188239
E-mail: pmh@rgpattorneys.com
Nathaly Saavedra, Esq.
Florida Bar No.: 118315
Email: ns@rgpattorneys.com
Carlos Serrano, Esq.
Florida Bar No.: 1010125
Email: cs@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

*Attorneys for Plaintiff, Erold Colas*

*Served Via: CM/ECF*

#7412565 v1

6

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200